1

2

3

4

5

6

7

8

9                    **UNITED STATES DISTRICT COURT**

10        **CENTRAL DISTRICT OF CALIFORNIA-SOUTHERN DIVISION**

11

12  LINDA DU,                    )    Case No. SA CV 16-00146-AS
                                 )
13            Plaintiff,         )    **MEMORANDUM OPINION AND**
                                 )
14       v.                      )    **ORDER OF REMAND**
                                 )
15  CAROLYN W. COLVIN, Acting    )
    Commissioner of Social       )
16  Security,                    )
                                 )
17            Defendant.         )
    ─────────────────────────────)
18

19        Pursuant to Sentence 4 of 42 U.S.C. § 405(g), IT IS HEREBY ORDERED

20  that this matter is remanded for further administrative action

21  consistent with this Opinion.

22

23                         **PROCEEDINGS**

24

25        On January 29, 2016, Plaintiff filed a Complaint seeking review of

26  the denial of her applications for Disability Insurance Benefits and

27  Supplemental Security Income.  (Docket Entry No. 1).  The parties have

28  consented to proceed before the undersigned United States Magistrate

    Judge.  (Docket Entry Nos. 10, 12).  On June 3, 2016, Defendant filed an

Answer along with the Administrative Record ("AR"). (Docket Entry Nos. 14-15). On August 15, 2016, the parties filed a Joint Position Statement ("Joint Stip."), setting forth their respective positions regarding Plaintiff's claims. (Docket Entry No. 17).

The Court has taken this matter under submission without oral argument. See C.D. Cal. L.R. 7-15; "Order Re: Procedures In Social Security Case," filed February 1, 2016 (Docket Entry No. 9).

## BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On October 2, 2012, Plaintiff, formerly employed as an assembler of hospital plastic equipment and as an assembler of electronic chips (see AR 283-85), filed applications for Disability Insurance Benefits and Supplemental Security Income, alleging a disability since November 6, 2010. (See AR 231-48; see also AR 14).

On February 13, 2014, the Administrative Law Judge, Sharilyn Hopson ("ALJ"), heard testimony from Plaintiff, medical expert Arvin Klein, and vocational expert Alan Boroskin. (See AR 33-62). On May 19, 2014, the ALJ issued a decision denying Plaintiff's applications. (See AR 14-26). After determining that Plaintiff had severe impairments -- "trigger fingers (one on one hand and two on the other hand); peripheral neuropathy; plantar fasciitis; foot spurs; cervical spine abnormalities per x-ray dated February 2013" (AR 16)[1] --, the ALJ found that Plaintiff had the residual functional capacity ("RFC")[2] to perform less than the

---

[1]    The ALJ found that Plaintiff's other alleged impairments -- diabetes mellitus type 2, left sided diverticulosis, internal hemorrhoids, and dysthmic disorder -- were non-severe, and that Plaintiff did not have medically determinable fibromyalgia. (See AR 16-18).

[2]    A Residual Functional Capacity is what a claimant can still do despite existing exertional and nonexertional limitations. See 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

2

full range of light work,[3] with the following limitations:
lifting/carrying 20 pounds occasionally and 10 pounds frequently;
standing, walking or sitting 6 hours in an 8-hour workday; climbing
stairs occasionally; no ladders, ropes, or scaffolds; stooping,
kneeling, crouching, and crawling occasionally; occasional exposure to
heat and cold; no work at unprotected heights; no work with dangerous
machinery; frequent gross and fine manipulation; and no forceful
gripping, grasping, and twisting such as opening a pickle jar for the
first time. (AR 19-25). Finding that Plaintiff was capable of
performing her past relevant work, the ALJ determined that Plaintiff was
not disabled within the meaning of the Social Security Act. (AR 25).

Plaintiff requested that the Appeals Council review the ALJ's
decision. (AR 10). The request was denied on January 7, 2016. (AR 1-
3). The ALJ's decision then became the final decision of the
Commissioner, allowing this Court to review the decision. See 42 U.S.C.
§§ 405(g), 1383(c).

## PLAINTIFF'S CONTENTIONS

Plaintiff alleges the following claims of error: (1) The ALJ
failed to properly consider the opinion of a consultative examiner, Dr.
Ehsan Ali; (2) The ALJ failed to properly consider the opinion of
Plaintiff's treating physician, Dr. Dang; (3) The ALJ failed to properly
determine Plaintiff's RFC in light of the testimony of the medical
expert; (4) The ALJ failed to properly assess Plaintiff's testimony
regarding her pain and limitations; and (5) Remand is warranted based on
new and material evidence provided to the Appeals Council. (See Joint
Stip. at 2-4, 7-11, 14-23, 27-35).

---

[3]    "Light work involves lifting no more than 20 pounds at a time
with frequent lifting or carrying of objects weighing up to 10 pounds."
20 C.F.R. §§ 404.1567(b), 416.967(b).

**DISCUSSION**

After consideration of the record as a whole, the Court finds that Plaintiff's first claim of error warrants a remand for further consideration.   Since the Court is remanding the matter based on Plaintiff's first claim of error, the Court will not address Plaintiff's second through fifth claims of error.

**A.   The ALJ Failed to Properly Consider the Opinion of the Consultative Examiner**

Plaintiff contends that the ALJ failed to address and consider the opinion of consultative examining physician, Ehasan Ali, M.D., specifically with respect to Dr. Ali's opinion that Plaintiff can stand and walk in only 20-minute intervals. (See Joint Stip. at 3-4, 7-10). Defendant contends that the ALJ properly considered Dr. Ali's opinion. (See Joint Stip. at 29-30).

An ALJ must take into account all medical opinions of record.  20 C.F.R. §§ 404.1527(b), 416.927(b). "Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." Holohan v. Massanari, 246 F.3d 1195, 1202 (9th Cir. 2001); see also Lester v. Chater, 81 F.3d 821, 830-831 (9th Cir. 1995). When a treating or examining physician's opinion is not contradicted by another physician, it may be rejected only for "clear and convincing" reasons. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995); Andres v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995).  When a treating or examining physician's is contradicted by another doctor, it may only be rejected if the ALJ provides "specific and legitimate" reasons supported by substantial evidence in the record. Id. at 30-31; see also Ryan v. Comm'r of Soc. Sec., 528 F.3d 1194, 1198 (9th Cir. 2008).

4

On February 20, 2013, Ehsan Ali, M.D. (Board Certified in Internal Medicine), prepared a report following a complete internal medicine examination of Plaintiff. (See AR 445-50). Based on the examination, Dr. Ali diagnosed Plaintiff with "[d]iabetes mellitus with peripheral diabetic neuropathy", "[c]hronic neck pain possibly related to degenerative disc disease", and "bilateral hand pain of unclear etiology." (AR 49). Dr. Ali opined as follows: "From a functional standpoint, the claimant can lift and carry 25 pounds occasionally and 10 pounds frequently. She can stand and walk six hours in an eight-hour day with normal breaks. She can stand in 20-minute intervals and walk in 20-minute intervals. [¶] She can sit for eight hours in an eight-hour day. Gross and fine manipulations are not limited." (AR 449-50, underlining added for emphasis).

The ALJ addressed Dr. Ali's opinion as follows:

> The next opinion considered is from Ehsan Ali, M.D., board certified internal medicine. Dr. Ali, a consultative internal medical examiner, opined on February 20, 2013 that the claimant could lift/carry 25 pounds occasionally and 10 pounds frequently; stand and walk six hours in an eight-hour day; sit eight hours in an eight-hour day; and gross and fine manipulations were not limited. (Exhibit B-4F). The undersigned gives partial weight to Dr. Ali's assessed limitations as Dr. Ali did not consider the medical evidence received subsequent to his examination of the claimant nor the claimant's testimony at the administrative hearing. The undersigned gives further credit to the claimant's hand issues, which are reflected in the residual functional capacity.

(AR 23).

Here, the ALJ did not discuss or address Dr. Ali's opinion about Plaintiff's abilities to stand and walk in only 20-minute intervals, even though Plaintiff's counsel specifically raised that issue at the hearing (see AR 58-60).  The ALJ therefore failed to provide any reason, let alone a specific and legitimate reason, for rejecting Dr. Ali's opinion. See Nguyen v. Chater, 100 F.3d 1462, 1464 (9th Cir. 1996) ("We hold that the ALJ erred because he neither explicitly rejected the opinion of [the examining physician], nor set forth specific, legitimate reasons for crediting [the nonexamining physician] over [the examining physician]."); Sinohui v. Astrue, 2011 WL 1042333, *14 (C.D. Cal. March 18, 2011) ("In excluding from his RFC determination [the examining physician]'s opinions that Plaintiff was moderately limited in his ability to understand and remember detailed instructions, in the ability to carry out detailed instructions, and in the ability to interact appropriately with the general public, the ALJ implicitly rejected those opinions without providing any reason for doing so.  This constitutes error.").[4]

**B.   Remand Is Warranted**

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000).  Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits.  Id. at 1179 ("[T]he decision of whether to remand for further proceedings turns upon the

---

[4]     The Court disagrees with Defendant's contention that Dr. Ali's opinion contained "obviously contradictory statements" (Jt. Stip. at 5). Moreover, although Defendant attempts to justify the ALJ's decision based on the ALJ's rejection of the opinion of the treating podiatrist and the ALJ's reliance on the opinions of the non-examining State Agency reviewing physicians (see Jt. Stip. at 6), the Court will not consider reasons for rejecting Dr. Ali's opinion that were not given by the ALJ in the Decision.  See Pinto v. Massanari, 249 F.3d 840, 847-48 (9th Cir. 2001); SEC v. Chenery Corp., 332 US 194, 196 (1947).

likely utility of such proceedings."). However, where, as here, the circumstances of the case suggest that further administrative review could remedy the Commissioner's errors, remand is appropriate. <u>McLeod v. Astrue</u>, 640 F.3d 881, 888 (9th Cir. 2011); <u>Harman v. Apfel</u>, <u>supra</u>, 211 F.3d at 1179-81.

Since the ALJ failed to properly reject the opinion of the consultative examiner, remand is appropriate. Because outstanding issues must be resolved before a determination of disability can be made, and "when the record as a whole creates serious doubt as to whether the [Plaintiff] is, in fact, disabled within the meaning of the Social Security Act," further administrative proceedings would serve a useful purpose and remedy defects. <u>Burrell v. Colvin</u>, 775 F.3d 1133, 1141 (9th Cir. 2014)(citations omitted).[5]

---

[5]    The Court has not reached any other issue raised by Plaintiff except insofar as to determine that reversal with a directive for the immediate payment of benefits would not be appropriate at this time. "[E]valuation of the record as a whole creates serious doubt that Plaintiff is in fact disabled." <u>See Garrison v. Colvin</u>, 759 F.3d 995, 1021 (2014). Accordingly, the Court declines to rule on claims regarding the ALJ's failure to properly consider the opinion of Plaintiff's treating physician, Dr. Dang (<u>see</u> Jt. Stip. at 10-11, 14-15), the ALJ's failure to properly determine Plaintiff's RFC in light of the testimony of the medical expert (<u>see</u> Jt. Stip. at 15-19), the ALJ's failure to properly assess Plaintiff's testimony regarding her pain and limitations (<u>see</u> Jt. Stip. at 19-23, 27-28), and remand based on new and material evidence provided to the Appeals Council (<u>see</u> Jt. Stip. at 28-35). Because this matter is being remanded for further consideration, these issues should also be considered on remand.

**ORDER**

    For the foregoing reasons, the decision of the Commissioner is reversed, and the matter is remanded for further proceedings pursuant to Sentence 4 of 42 U.S.C. § 405(g).

    LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: September 9, 2016

                              _____/s/_____
                                   ALKA SAGAR
                         UNITED STATES MAGISTRATE JUDGE